**LORI HARPER SUEK**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone:    (406) 657-6101
FAX:      (406) 657-6989
E-Mail:   Lori.Suek@usdoj.gov

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **MICHAEL JASON TORREZ,**  Defendant. | CR 17-124-BLG-SPW  OFFER OF PROOF |

The defendant, Michael Jason Torrez, is charged by indictment with conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 – count I; possession with intent to distribute

1

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) –count II; distribution of methamphetamine, in violations of 21 U.S.C. § 841(a)(1) – count III and IV; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a) – count V; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) – count VI.

## PLEA AGREEMENT

Torrez will plead guilty to counts I, V, and VI of the indictment. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to Torrez. *See Missouri v. Frye,* 566 U.S. 134, 145-46 (2012).

Torrez also agrees to plead true to the forfeiture allegation contained in the indictment.

## ELEMENTS OF CHARGE

In order for Torrez to be found guilty of conspiracy to distribute and to possess with intent to distribute methamphetamine, as charged in count I of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

> **First,** during the time period specified in the indictment, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

**Second,** the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Although not an element, the United States would also have to prove beyond a reasonable doubt that the conspiracy contemplated the distribution of 500 or more grams of a substance containing a detectable amount of methamphetamine, and that amount:

(1) fell within the scope of defendant's agreement with the coconspirators, or

(2) was reasonably foreseeable to the defendant.

In order for Torrez to be found guilty of possession of a firearm in furtherance of a drug trafficking crime, as charged in count V of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant committed the crime of possession with intent to distribute methamphetamine as charged in count II of the indictment, which is a drug trafficking crime; and

**Second**, the defendant knowingly possessed a firearm during and in relation to possession with intent to distribute methamphetamine.

In order for Torrez to be found guilty of conspiracy to commit money laundering, as charged in count VI of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

**First**, there was an agreement between two or more people to commit certain offenses under 18 U.S.C. § 1956, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to possess with intent to distribute methamphetamine; and

**Second**, the defendant entered the agreement knowing of its objectives and intending to accomplish at least one of those objectives.

## PENALTY

Count I charges the crime of conspiracy to possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. § 846.  This offense carries a maximum punishment of ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment. Count V charges the crime of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  This offense carries a maximum punishment of a mandatory consecutive five years to life imprisonment, a $250,000 fine, five years of supervised release, and a $100 special assessment. Count VI charges the crime of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  This offense carries a maximum punishment of twenty years of imprisonment, a $500,000 fine, three years of supervised release, and $100 special assessment.

4

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On April 20, 2017, agents executed a search warrant on Torrez's residence, an RV.  Agents obtained the search warrant after using a confidential informant to conduct two controlled purchases of methamphetamine from Torrez for one ounce per purchase, on April 17 and 18, 2017 (counts III and IV of the indictment).  The purchases took place at the RV.  While executing the search warrant on April 20, 2017, agents seized four firearms; four of the five were in the same room and within arm's reach of approximately 1.5 pounds of methamphetamine (counts II and V of the indictment).

Through source information and a review of Money Gram and Western Union records, agents learned that Torrez was directing others to wire money using Money Gram and Western Union during the time- period of the conspiracy.  In addition, review of records obtained through a grand jury subpoena from Wells Fargo Bank confirm information provided by cooperating sources that Torrez directed the sources to make cash deposits in Wells Fargo bank accounts.  The money was traced in some instances back to Mexico via Western Union and

Money Gram and, with respect to the Wells Fargo accounts, to Yuma, Arizona. Torrez was in possession of $2,190 at the time of the search.

Agents also learned during the investigation that Torrez was receiving packages via USPS containing drugs. The packages were being delivered to various locations throughout Billings. In total, ten packages were identified from the middle of February through April 20, 2017. Agents identified an individual who was the recipient of two of the packages. In reading text messages between Torrez and that individual, agents learned that the individual was transporting drugs for Torrez, buying ounce quantities of methamphetamine from Torrez, and making deposits of money for Torrez.

DATED this 11th day of April, 2018.

>KURT G. ALME
>United States Attorney
>
>*/s/ Lori Harper Suek*
>LORI HARPER SUEK
>Assistant U.S. Attorney